IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) ) ) PostRock Energy Corporation ) PostRock Energy Services Corporation ) PostRock MidContinent Production LLC ) PostRock Eastern Production, LLC ) PostRock Holdco, LLC ) STP Newco, Inc. ) ) Debtors. ) ) ) | Case No. 16-11230 Case No. 16-11231 Case No. 16-11232 Case No. 16-11233 Case No. 16-11235 Case No. 16-11236 Chapter 11 (Joint Administration Requested) |

## EMERGENCY MOTION FOR ORDER UNDER FED.R.BANKR.P. 1015(B) AND BANKRUPTCY LOCAL RULE 1015 DIRECTING JOINT ADMINISTRATION OF CASES

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT.** A HEARING WILL BE CONDUCTED ON THIS MATTER AT THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA, OLD POST OFFICE BUILDING, 215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OKLAHOMA.  IF YOU DO NOT WANT THE COURT TO GRANT THE REQUESTED RELIEF, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA, 215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OK 73102. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION ON THE SIGNING ATTORNEY AND TO ANY OTHER PARTY SPECIFIED. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT HEARING.

EMERGENCY RELIEF AND AN EXPEDITED HEARING HAVE BEEN REQUESTED.  IF THIS COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS TIME TO RESPOND.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT AND IMMEDIATELY SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTOR AND ON ANY OTHER PARTY SPECIFIED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

PostRock Energy Corporation, and its affiliated debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), hereby file this motion (the "Motion") for entry of an order under FED.R.BANKR.P. 1015 consolidating for procedural purposes only, and providing for the joint administration of, the Debtors' separate chapter 11 cases.  In support of this Motion, the Debtors rely on the Declaration of Clark Edwards, Interim President and Chief Executive Officer of PostRock Energy Corporation, in Support of Debtors' Chapter 11 Petitions and First Day Motions (the "First Day Declaration").[1]  In further support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION | VENUE | STATUTORY PREDICATE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

2

2.      The statutory predicates for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule") and Rule 1015 of the Local Rules of the United States Bankruptcy Court for the Western District of Oklahoma (each a "Local Rule").

## BACKGROUND

3.      On April 1, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court") thereby initiating the above-captioned cases (these "Chapter 11 Cases").

4.      The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not yet been appointed in these Chapter 11 Cases.

5.      A description of the Debtors' businesses, the reasons for filing these Chapter 11 Cases and the relief sought from the Bankruptcy Court to allow for a smooth transition into operations under chapter 11 of the Bankruptcy Code is set forth in the First Day Declaration. The Debtors hereby adopt and incorporate the First Day Declaration as if fully set forth herein.

## RELIEF REQUESTED

6.      By and through this Motion, the Debtors request entry of an order directing that their Chapter 11 Cases be consolidated for procedural purposes and jointly administered under a single case number and caption, except for the filing of monthly operating reports. The Debtors request that these cases be administered under the case number of PostRock Energy Corporation ("Post Rock"), the corporate parent.

**BASIS FOR RELIEF**

7. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates.

8. Section 101(2)(A) of the Bankruptcy Code provides that an "affiliate" is an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor".

9. PostRock is the direct parent and the owner of one-hundred percent (100%) of the equity interests in PostRock Energy Services Corporation ("PESC"), who is the sole member and manager of PostRock Holdco, LLC ("Holdco"), PostRock Eastern Production, LLC ("Eastern"), and PostRock MidContinent Production, LLC ("MidContinent"). MidContinent owns one-hundred percent (100%) of the equity interests in STP Newco, Inc. ("Newco").

10. Accordingly, PESC, Holdco, Eastern, MidContinent, and Newco are "affiliated" with PostRock under section 101(2)(A) of the Bankruptcy Code.

11. The Debtors anticipate that several notices, applications, motions and other papers filed, hearings set, and orders entered in these Chapter 11 Cases will affect many, if not all, of the Debtors. Consequently, absent joint administration of these Chapter 11 Cases, duplicative pleadings would need to be filed in some or all of the Chapter 11 Cases for each issue/matter presented, and separate hearings would then need to be held in each of the Chapter 11 Cases. Those duplicative filings would be wasteful and unnecessarily overburden the Clerk of the Bankruptcy Court, the Debtors and their estates.

12. Joint administration will permit the Clerk of the Bankruptcy Court to use a single general docket for each of these Chapter 11 Cases, allow the Debtors to combine notices to

creditors and other parties-in-interest, and allow parties-in-interests to request, and the Court to hold, joint hearings on matters pending in any of these Chapter 11 Cases.  Joint administration will also protect parties-in-interest by ensuring that they are apprised of the various matters presented to the Court for consideration in all of these Chapter 11 Cases.

13.     Accordingly, the Debtors request that all of these Chapter 11 Cases be jointly administered and that all parties-in-interest be required to use the following official caption on all pleadings filed in the jointly-administered Chapter 11 Cases:

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| PostRock Energy Corporation, *et al.*[FN] | ) ) | Case No. 16-11230 (SAH) Jointly Administered |
| Debtors. | ) ) ) | |

FN:   The Debtors in these chapter 11 cases include: PostRock Energy Corporation, PostRock Energy Services Corporation, PostRock Holdco, LLC, PostRock Eastern Production, LLC, PostRock MidContinent Production, LLC, and STP Newco, Inc.

14.     Naming only PostRock through this simplified caption will eliminate cumbersome and confusing procedures and ensure uniform pleading identification.  The names of each of the Debtors will be set forth in a footnote and are listed in the Debtors' respective voluntary petitions that are publicly available to parties-in-interest or can be provided by the Debtors upon request.  The Debtors submit that the requested relief accomplishes the policy-oriented goals behind the notice requirements set forth in section 342 of the Bankruptcy Code and Bankruptcy Rules 1007 and 2002.

5

15. The Debtors also maintain that the rights of their respective creditors will not be adversely affected by joint administration of these Chapter 11 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect anyone's substantive rights. Each creditor and party-in-interest will maintain its rights against the Debtors (or any of them).

16. The Debtors further request that a docket entry (substantially in the form shown in the proposed order to be submitted by the Debtors) be made on each of the Debtors' individual dockets, which will reflect the joint administration of these Chapter 11 Cases under the case caption set forth above. The proposed docket entry will put creditors and parties-in-interest on notice that the Chapter 11 Cases have been consolidated and that the docket for PostRock should be consulted with respect to all matters.

17. The Debtors further request that the joint administration of these Chapter 11 Cases include, but not be limited to: (i) the establishment and maintenance of (a) a single docket sheet, (b) a single consolidated creditors' matrix and (c) a single master service list; (ii) the scheduling of joint hearings on matters pending in any of the Chapter 11 Cases; (iii) the appointment of a single creditors' committee; and (iv) the filing of a single disclosure statement and plan of reorganization by any plan proponent.

18. Oklahoma bankruptcy courts have routinely authorized the joint administration of cases and procedures in the manner proposed by the Debtors in this Motion. *See In re GMX Resources, Inc.*, Case No. 13-11456 (Bankr. W.D. Okla. April 1, 2013) [Dkt. No. 13]; *In re Roma Foods of Oklahoma, Inc.*, Case No. 09-12488 (Bankr. W.D. Okla., May 12, 2009) [Dkt. No. 23]; *In re Harold's Stores, Inc.*, Case No. 08-15027 (Bankr. W.D. Okla., November 7, 2008) [Dkt. No. 12].

19. Bankruptcy courts in other jurisdictions have, likewise, granted similar relief to that requested by the Debtors in this Motion. *In re Cano Petroleum, Inc.*, Case No. 12-31549 (Bankr. N.D. Tex. March 19, 2012); *In re Dynegy Holdings, LLC*, Case No. 11-38111 (Bankr. S.D.N.Y. November 9, 2011); *In re Seahawk Drilling, Inc.*, Case No. 11-20089 (Bankr. S.D. Tex. February 14, 2011); *In re Stallion Oilfield Services, Inc.*, Case No. 09-13562 (Bankr. D.Del. October 20, 2009).

## NOTICE

20. Notice of this pleading has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the Western District of Oklahoma, (b) all known or alleged secured creditors, (c) the 20 largest unsecured non-insider creditors of the Debtor, (d) all known shareholders holding over 5% of a class of equity interests of the Debtor, (e) all of the Debtor's professionals, (f) all members of any official committee of unsecured creditors that may be appointed, (g) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed, (h) the United States Attorney's Office for the Western District of Oklahoma, (i) the Internal Revenue Service, (j) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, (k) the Securities and Exchange Commission, (l) counsel for the Agent, and (m) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules of this Court. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested is not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## **CONCLUSION**

For the above-stated reasons, the Debtors respectfully request that the Court enter an order (i) directing the procedural consolidation and joint administration of these Chapter 11 Cases, except for the filing of monthly operating reports and (ii) granting such other and further relief as is just and proper.

Respectfully submitted,

/s/Mark A. Craige
Mark A. Craige, OBA No. 1992
CROWE & DUNLEVY, P.C.
500 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma 74103-3313
918.592.9800 Telephone Number
918.592.9801 Facsimile Number
mark.craige@crowedunlevy.com

and

John Paul K. Napier, OBA No. 32585
Christopher M. Staine, OBA No. 30263
CROWE & DUNLEVY, P.C.
324 North Robinson, Suite 100
Oklahoma City, Oklahoma 73102
405.235.7700 Telephone Number
405.239.6651 Facsimile Number
john.napier@crowedunlevy.com
christopher.staine@crowedunlevy.com

**PROPOSED ATTORNEYS FOR**
**DEBTORS AND DEBTORS IN POSSESSION**