IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| IN RE: ) | Case No. 16-11230 |
| ) | |
| PostRock Energy Corporation, *et al*.1 ) | Chapter 11 |
| ) | |
| Debtors. ) | (Joint Administration Requested) |
| ) | |

**EMERGENCY MOTION FOR ENTRY OF AGREED INTERIM ORDER
AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING PARTIAL ADEQUATE PROTECTION**

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT.** A HEARING WILL BE CONDUCTED ON THIS MATTER AT THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA, OLD POST OFFICE BUILDING, 215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OKLAHOMA. IF YOU DO NOT WANT THE COURT TO GRANT THE REQUESTED RELIEF, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA, 215 DEAN A. MCGEE AVENUE, OKLAHOMA CITY, OK 73102. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST SERVE A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION ON THE SIGNING ATTORNEY AND TO ANY OTHER PARTY SPECIFIED. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED WITHOUT HEARING.

EMERGENCY RELIEF AND AN EXPEDITED HEARING HAVE BEEN REQUESTED. IF THIS COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL

---

[1] The Debtors in these chapter 11 cases include: PostRock Energy Corporation, PostRock Energy Services Corporation, PostRock Holdco, LLC, PostRock Eastern Production, LLC, PostRock MidContinent Production, LLC, and STP Newco, Inc.

1

HAVE LESS TIME TO RESPOND.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT AND IMMEDIATELY SERVE A COPY OF YOUR RESPONSE ON COUNSEL FOR THE DEBTOR AND ON ANY OTHER PARTY SPECIFIED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS

PostRock Energy Corporation, and its affiliated debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), hereby file this motion (the "Motion") for entry of the attached Agreed Interim Order Authorizing Use of Cash Collateral and Granting Partial Adequate Protection (the "Order").  The Debtors adopt and incorporate the Order as if fully set forth herein.   In support of this Motion, the Debtors rely on the Declaration of Clark Edwards, Interim President and Chief Executive Officer of PostRock Energy Corporation, in Support of Debtors' Chapter 11 Petitions and First Day Motions (the "First Day Declaration").[2]  In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION | VENUE | STATUTORY PREDICATE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105 and 363 of the Bankruptcy Code.

## BACKGROUND

3. On April 1, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court") thereby initiating the above-captioned cases (these "Chapter 11 Cases").

4.  The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors has not yet been appointed in these Chapter 11 Cases.

5.  A description of the Debtors' businesses, the reasons for filing these Chapter 11 Cases and the relief sought from the Bankruptcy Court to allow for a smooth transition into operations under chapter 11 of the Bankruptcy Code is set forth in the First Day Declaration. The Debtors hereby adopt and incorporate the First Day Declaration as if fully set forth herein

### RELIEF REQUESTED

6.  The Debtors and (if appointed by the Bankruptcy Court) the chapter 11 trustee have a pressing need to use cash collateral on an emergency interim basis and on a permanent basis. The Debtors have negotiated the attached Order with their secured lender Citibank (as defined in the Order) for the interim use of cash collateral. Given the urgent need for the immediate use of cash collateral, the Debtors request the Bankruptcy Court to enter the Order as an interim order, subject to final approval after additional notice and opportunity for hearing.

7.  The Order is substantially in the form that the Debtors intend to present to the Court at the hearing on this Motion, subject to further negotiations between the Debtors and Citibank in the interim. Among other things, the Order grants liens and priority claims as adequate protection to Citibank, in addition to other detailed relief, all as more particularly set forth in the Order.

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the First Day Declaration.

8. The Debtors believe that the terms of the Order are reasonable and appropriate under the facts and circumstances presented in these Chapter 11 Cases.

9. The Debtors, therefore, request the Bankruptcy Court to approve the use of cash collateral on an interim emergency basis on the terms and under the conditions set forth in the Order.

## NOTICE

10. Notice of this pleading has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the Western District of Oklahoma, (b) all known or alleged secured creditors, (c) the 20 largest unsecured non-insider creditors of the Debtor, (d) all known shareholders holding over 5% of a class of equity interests of the Debtor, (e) all of the Debtor's professionals, (f) all members of any official committee of unsecured creditors that may be appointed, (g) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed, (h) the United States Attorney's Office for the Western District of Oklahoma, (i) the Internal Revenue Service, (j) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, (k) the Securities and Exchange Commission, (l) counsel for the Agent, and (m) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules of this Court. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtors that may ensue if the relief requested is not granted, the Debtors submit that no further notice need be given and that the notice provided by the Debtors is sufficient.

## CONCLUSION

For the above-stated reasons, the Debtors request the Bankruptcy Court to approve the use of cash collateral on an interim emergency basis by and through entry of an order substantially in the form of the Order and to grant such other and further relief to which the Bankruptcy Court deems the Debtors entitled.

Respectfully submitted,

/s/Mark A. Craige
Mark A. Craige, OBA No. 1992
CROWE & DUNLEVY, P.C.
500 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma 74103-3313
918.592.9800 Telephone Number
918.592.9801 Facsimile Number
mark.craige@crowedunlevy.com

and

John Paul K. Napier, OBA No. 32585
Christopher M. Staine, OBA No. 30263
CROWE & DUNLEVY, P.C.
324 North Robinson, Suite 100
Oklahoma City, Oklahoma 73102
405.235.7700 Telephone Number
405.239.6651 Facsimile Number
john.napier@crowedunlevy.com
christopher.staine@crowedunlevy.com

**Proposed Attorneys for**
**Debtors and Debtors in Possession**