UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| POSTROCK ENERGY CORPORATION, *et al.*[1]  ) | BK-16-11230-SAH |
| ) | Chapter 11 |
| ) | Jointly Administered |
| Debtor.  ) | |

**RESPONSE AND COMMENT
OF THE UNITED STATES TRUSTEE TO AGREED MOTION FOR ENTRY OF AN
ORDER APPOINTING A CHAPTER 11 TRUSTEE
PURSUANT TO 11 U.S.C. § 1104(a)(2)
[Docket #11]**

The United States Trustee ("UST") offers the following comments relating to the debtor's motion to limit notice in this case:

1. The UST has no objection to the motion for the appointment of a trustee as long as evidence is presented demonstrating cause showing the appointment is warranted. *Oklahoma Refining Co. v. Blaik* (*In re Oklahoma Refining Co.*), 838 F.2d 1133,1136 (10th Cir. 1988).

2. "[T]he bankruptcy court must bear in mind that the appointment of a trustee 'may impose a substantial financial burden on a hard pressed debtor seeking relief under the Bankruptcy Code,' by incurring the expenditure of 'substantial administrative expenses' caused by further delay in the bankruptcy proceedings." *In re Plaza De Retiro, Inc.*, 417 B.R. 632, 640 (Bankr. N. Mex. 2009) (citations omitted) (Trustee appointment considered based on the acrimonious relationship between debtor's management and creditors).

3. In addition, the Court is also being asked to consider interim financing for the debtor estates through use of cash collateral. Docket #13. The appointment of a trustee should not be made if the terms and conditions of the interim (and final) order granting the use of cash collateral are so restrictive as to preclude the trustee from exercising the fiduciary

---

[1] The Debtors in these chapter 11 cases include: PostRock Energy Corporation, PostRock Energy Services Corporation, PostRock Holdco, LLC, PostRock Eastern Production, LLC, PostRock MidContinent Production, LLC, and STP Newco, Inc.

duties set out in section 1106.  11 U.S.C. § 1106.

4. If the trustee cannot exercise discretion to undertake the fiduciary responsibilities of a chapter 11 trustee for the benefit of all creditors, then there is no purpose for the appointment under chapter 11.  417 B.R. at 640 (Appointment of a trustee is fact intensive and made on a case by case basis) (citing *In re Sundale, Ltd.*, 400 B.R. 890, 901 (Bankr. S.D. Fla. 2009)).

WHEREFORE, based on the foregoing the UST has no objection to this Court directing the appointment of a trustee for cause show, so long as, the appointment is not fettered by restrictive financing terms and conditions; and for such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

s/ Charles E. Snyder
Marjorie J. Creasey, OBA #17819
Charles E. Snyder, OBA #8441
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK  73102
(405) 231-5961/231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Charles.Snyder@usdoj.gov