UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| POSTROCK ENERGY CORPORATION, *et al.*[1] | ) | BK-16-11230-SAH |
| | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtor. | ) | |

RESPONSE AND COMMENT
OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S
EMERGENCY MOTION FOR ENTRY OF AGREED INTERIM ORDER
AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING PARTIAL ADEQUATE PROTECTION
[Docket #13]

The United States Trustee ("**UST**") offers the following comments relating to the debtor's motion for an interim order authorizing the use of cash collateral:

1. Rule 6003 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE provides that this Court should only grant the interim relief "necessary to avoid immediate and irreparable harm."

2. The UST objects to the establishment of debtor estate accounts at BBVA Compass Bank. Proposed Order, Docket #13-1 at page 5, ¶ 3.

3. Agent Citibank has "agreed" to the appointment of a chapter 11 trustee. Docket #13 at p. 2-3, ¶ D. In addition, Citibank agrees there is "[a]n immediate and critical need exists for the Trustee to use cash in order to continue the operation and management of the Estates' businesses and assets." Docket # 13-1 at p. 3, ¶ E.

4. The proposed interim order contains the following terms that are not necessary at this juncture in these cases:

    i.  The interim order "shall be binding upon all parties and upon all subsequently appointed court officers, including the Trustee and any subsequently appointed trustee(s) under chapter 11 or chapter 7 of the Bankruptcy Code."

    Docket #13-1 at p. 4, ¶ 1 and p.12, ¶ 22.

---

[1] The Debtors in these chapter 11 cases include: PostRock Energy Corporation, PostRock Energy Services Corporation, PostRock Holdco, LLC, PostRock Eastern Production, LLC, PostRock MidContinent Production, LLC, and STP Newco, Inc.

      ii.      No Cash Collateral, Collateral, or the proceeds thereof, shall be used for the purpose of:

      *(a)* objecting to or contesting in any manner, or in raising any defenses to, the validity, extent, perfection, priority, or enforceability of the Loan Claims or any liens or security interests securing the Loan Claims;

      *(b)* prosecuting or asserting any claims or causes of action against Citibank or the Lenders, including, without limitation, any actions under chapter 5 of the Bankruptcy Code;

      *(c)* preventing, hindering, or delaying Citibank's enforcement of remedies and collection rights against and upon any of the Collateral, except motions to lift the stay; or

      *(d)* modifying Citibank's rights under the Loan Documents, except that nothing herein shall be construed to limit the Trustee's right to propose a plan of reorganization which seeks to modify such rights as permissible under the provisions of the Bankruptcy Code.

Docket #13-1 at p. 7, ¶ 9.

      iii.      The "Carve Out" provision is amorphous, leaving the payment for administrative expenses subject to future negotiations between Agent Citibank and the trustee for the estates which have already been described as being in an immediate and critical need for cash. Docket #13-1 at p. 9, ¶ 14.

5. The foregoing proposed terms are overreaching and over restrictive given a trustee's fiduciary duties under 11 U.S.C. § 1106. There should be no limitations on the ability of the trustee to investigate the debtors' act, liabilities, and any other matter relevant to the case.

6. The declaration of Interim President, Chief Executive Office, and Director states: "The Agent requested that the Debtors initiate these Chapter 11 Cases to facilitate a sale of substantially all of their assets, and that the Debtors consent to the immediate appointment of a chapter 11 trustee." Docket #10 at p. 6, ¶ 22. In other words, it appears these cases were filed at the direction of Agent Citibank, for its sole benefit (as agent of the bank group), and it intends to exercise complete and absolute control over this chapter 11 estate.

7. As an example, "Conversion of either of these Cases to a case under chapter 7 of the Bankruptcy Code" is an event of default in clear derogation of section 1106(5). Docket #13-1 at p. 10 at ¶ 19(b).

8. The UST has no objection to the entry of an interim order allowing these cases to proceed under the direction of a chapter 11 trustee who is unfettered in exercising the fiduciary duties of a trustee under 11 U.S.C. § 1106.

9. The interim and final order should only grant necessary relief without containing terms and conditions that are overbroad, overcomplicated, or overreaching.

WHEREFORE, based on the evidence presented at the April 6 hearing, the UST requests this Court only grant the interim relief "necessary to avoid immediate and irreparable harm" as directed by Rule 6003 of the FED. R. BANKR. P.; and for such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

s/ Charles E. Snyder
Marjorie J. Creasey, OBA #17819
Charles E. Snyder, OBA #8441
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK  73102
(405) 231-5961/231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Charles.Snyder@usdoj.gov