IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-11230-SAH |
| PostRock Energy Corporation, *et al.*[1] | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| | ) | |

**TRUSTEE'S MOTION FOR AN ORDER (A) APPROVING THE SALE
OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS BY PRIVATE SALE; AND
(B) WAIVING THE FOURTEEN (14) DAY STAY PROVIDED FOR IN
BANKRUPTCY RULE 6004(H), BRIEF IN SUPPORT THEREOF
AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 21 days from the date of filing of this request for relief. You should also serve a file stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who a required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 21 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

---

[1]  The Debtors in these chapter 11 cases include: PostRock Energy Corporation, PostRock Energy Services Corporation, PostRock Holdco, LLC, PostRock Eastern Production, LLC, PostRock MidContinent Production, LLC, and STP Newco, Inc.

1

Stephen J. Moriarty as Trustee ("Trustee") for PostRock Energy Corporation, PostRock Energy Services Corporation, PostRock Holdco, LLC, PostRock Eastern Production, LLC, PostRock MidContinent Production, LLC, and STP Newco, Inc. (collectively the "Debtors") files this motion (the "Sale Motion") for entry of an order (the "Sale Order") (a) Approving the Sale of Assets to Tiger Energy & Exploration, LLC, or its designee, by private sale, Free and Clear of All Liens, Claims, Encumbrances, and Interests..

In support of the Sale Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are sections 105, 363, 364, and 365 of title 11, United States Code (the "Bankruptcy Code"), and Rules 2002, 4001, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On April 1, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The bankruptcy estates created by the commencement of the above-styled and numbered bankruptcy cases (collectively, the "Cases") are referred to herein collectively as the "Estates."

4. Contemporaneously with the filing of these Cases, Citibank, NA ("Citibank") filed the *Agreed Motion for Entry of an Order Appointing a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)(2)* [Doc. 11] (the "Trustee Motion").

5. On April 7, 2016, this Court entered an order granting the Trustee Motion [Doc. 66], and on April 8, 2016, this Court entered an order Stephen J. Moriarty as chapter 11 trustee

2

(the "Trustee") in these Cases [Doc. 75] (the "Trustee Order").

6.  This Court has previously entered order approving the sales of substantially all of Debtors' assets (the "Prior Sales") [Doc. 226 and 239].

7.  The Prior Sales were closed on June 21 and 22, 2016 [Doc. 250 and 251]. As of the closing the Debtors ceased operations.

8.  Debtors have an interest in approximately 661 wells that were "temporarily abandoned" and were not producing (the "TA Wells"). The TA Wells were not purchased at the Prior Sales.

9.  Though the TA Wells are not producing the estate continues to incur administrative costs with regard to the TA Wells. Further, the estates have a potential liability for the cost to plug and abandon the TA Wells. It is estimated the cost to eventually plug and abandon the TA Wells could exceed $2,000,000.00 (the "Plugging Liability").

## RELIEF REQUESTED

10.  By this Sale Motion, the Trustee respectfully requests, upon the conclusion of the Sale Hearing, entry of the Sale Order (a) approving the Sale of the Purchased Assets free and clear of all liens, claims, encumbrances, and interests of any kind to Tiger Energy & Exploration, LLC, or its designee, by private sale.

## TERMS OF THE PROPOSED SALE

11.  Trustee proposes to sell the Purchased Assets to Tiger Energy & Exploration, LLC, or its designee ("Buyer"), pursuant to the terms of the October 19, 2016 Letter of Agreement attached hereto as Exhibit "A".

12.  As consideration for the Purchased Assets Buyer will assume and relieve these estates from the Plugging Liability.

3

## I. THE TRUSTEE'S SALE OF THE PURCHASED ASSETS TO THE BUYER SHOULD BE APPROVED PURSUANT TO SECTION 363(B)(1) OF THE BANKRUPTCY CODE

13. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate". 11 U.S.C. § 363(b)(1). Courts have uniformly held that approval of a proposed sale of property pursuant to § 363(b) of the Bankruptcy Code is appropriate if a Court finds that the transaction represents a reasonable business judgment on the part of the debtor or trustee. *See Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (applying reasonable business judgment standard to sale of assets under section 363(b) of the Bankruptcy Code); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same); *In re Donohue*, 410 B.R. 311, 315 (Bankr. D. Kan. 2009) (requiring "sound business reason" for authorization of sale under section 363(b) of the Bankruptcy Code); *In re Buerge*, 479 B.R. 101, 106 (Bankr. D. Kan. 2012) (requiring "sound business reason"); *In re Med. Software Solutions*, 286 B.R. 431, 439–40 (Bankr. D. Utah 2002) (requiring "sound business reason").

14. The Trustee's proposed private sale is reasonable, appropriate, and within Trustee's sound business judgment because it will relieve the Debtors' estates from the Plugging Liability.

15. In addition to a sound business purpose, courts require that there be adequate and reasonable notice of the sale and a fair and reasonable price and good faith negotiations with the Buyer. *See Buerge*, 479 B.R. at 106; *In re JL Bldg., LLC*, 452 B.R. 854, 859 (Bankr. D. Utah 2011); *Med. Software Solutions*, 286 B.R. at 439-40; *In re Tempo Tech Corp.*, 202 B.R. 363, 367 (D. Del. 1996).

16.     The paramount goal of any proposed sale of property of a debtor is to maximize the value received by the estate.  *See, e.g., Four B. Corp. v. Food Barn Stores. Inc.* (*In re Food Barn Stores, Inc.*), 107 F.3d 558, 564-65 (8th Cir. 1997) (with reference to bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand."); *In re Buerge*, 479 B.R. at 106 ("The trustee's duty is to maximize the value obtained from a sale."); *In re C.W. Min. Co.*, 08-20105 JAB, 2010 WL 841395 (Bankr. D. Utah Mar. 2, 2010) (courts "must always scrutinize whether a trustee has fulfilled his duty to maximize the value obtained from a sale").

17.     The Trustee submits that the proposed sale of the Purchased Assets is a reasonable business decision in light of the circumstances and is in the best interest of the estate and its creditors. While a number of parties have conducted due diligence with regard to the TA Wells and a few offers have been received to take a small number of the TA Wells in exchange for assumption of any plugging liability no party has made a comprehensive offer to acquire all of the TA Wells. Further, the Trustee submits that the proposed sale presents the best opportunity to realize the maximum value of the estate's assets. Additionally, such process has been conducted in good faith and at arm's length, is subject to proper notice, and will yield the highest and best offer for the Purchased Assets. Accordingly, the Trustee submits that the sale of the Purchase Assets is an appropriate exercise of the Trustee's business judgment.

## II. TRUSTEE'S SALE OF THE PURCHASED ASSETS SHOULD BE APPROVED PURSUANT TO SECTION 363(F) OF THE BANKRUPTCY CODE

18.     At the Sale Hearing, the Trustee will seek entry of the Sale Order authorizing and approving the sale of the Purchased Assets to Buyer. Except as expressly provided in the APA or the Sale Order, the Purchased Assets are to be sold to the Buyer, free and clear of all liens, claims, encumbrances, and interests pursuant to section 363 (f) of the Bankruptcy Code.

19.     Pursuant to Section 363(f) of the Bankruptcy Code, a trustee may sell property under Section 363(b) of the Bankruptcy Code "free and clear of any interest in such property" if one of the following conditions is satisfied:

> (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); *see also In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (holding that Section 363(f) is written in disjunctive; court may approve sale "free and clear" provided at least one of the requirements are met).

20.     The Trustee submits that one or more of the conditions set forth in section 363(f) of the Bankruptcy Code will be satisfied with respect to the Sale of the Purchased Assets. In particular, the Trustee believes that section 363(f)(2) of the Bankruptcy Code will be satisfied because each of the parties holding liens on the Purchased Assets, if any, will consent, or absent any objection to this Sale Motion, will be deemed to have consented to the sale and transfer of the Purchased Assets.

21.     As such, Trustee respectfully requests this court approve the Sale of the Purchased Assets, free and clear of all liens, claims, encumbrances, and interests pursuant to section 363 (f) of the Bankruptcy Code.

### III. THE BUYER SHOULD BE FOUND
### TO BE A GOOD FAITH BUYER

22. Section 363(m) of the Bankruptcy Code states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

23. While the Bankruptcy Code does not define "good faith", the Tenth Circuit has held that the standard for a good faith purchaser is one who buys (i) in "good faith," i.e., through a sale that does not involve fraud or collusions, and (ii) for value. *See* In *re Indep. Gas & Oil Producers, Inc.*, 80 Fed. Appx. 95, 99-100 (10th Cir. 2003) (citing *Tompkins v. Frey (In re Bel Air Associates, Ltd.)*, 706 F.2d 301 (10th Cir. 1983)); *Plotner v. AT&T,* 172 B.R. 337, 341 (W.D.Okl. 1994) ("A sale lacks good faith when it 'involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'")(citations omitted); *see also In re Sasson Jeans, Inc.*, 90 B.R. 608, 610 (S.D.N.Y. 1988) (quoting *In re Bel Air Assocs., Ltd.*, 706 F.2d 301, 305 (10th Cir. 1983)).

24. The Trustee will present evidence at the Sale Hearing showing that the proposed agreement finalized with the Buyer is the result of arm's length negotiations in good faith. The Trustee thus requests that the Court make a finding at the Sale Hearing that the Buyer has acted in good faith within the meaning of section 363(m) of the Bankruptcy Code.

### IV. THE FOURTEEN (14) DAY STAY PROVIDED FOR IN
### BANKRUPTCY RULE 6004(H) SHOULD BE WAIVED

25. Due to the necessity to facilitate the orderly and more importantly, timely sale of the Purchased Assets, the Trustee requests that the Court lift the stay provided by Federal Rule of

Bankruptcy Procedure 6004(h) which provides that an order authorizing the sale of property is stayed for fourteen (14) days after the entry of such order, unless the Court orders otherwise. Given the sufficiency of notice to all parties in interest, the Trustee requests that the Court relieve them of the stay provided by the rule.

### V. CONCLUSION

The Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and proper.

Respectfully submitted this 19th day of October, 2016.

/s/ Stephen J. Moriarty
Stephen J. Moriarty (OBA # 6410)
FELLERS, SNIDER, BLANKENSHIP,
 BAILEY & TIPPENS
100 North Broadway, Suite 1700
Oklahoma City, OK   73102-8820
Telephone:  (405) 232-0621
Facsimile:   (405) 232-9659

ATTORNEYS FOR TRUSTEE

695574;62771